| |
|---|
| **Matter of Field** |
| 2026 NY Slip Op 31065(U) |
| March 23, 2026 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2013-1896/C |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

 SCANNED

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
Accounting by Awilda Field, as Administrator c.t.a. of the
Estate of

      CATHERINE FIELD,
      a/k/a CATHERINE DEBORAH FIELD,
      a/k/a CATHERINE D. FIELD,

                              Deceased.
-----------------------------------------------------------------------X

**DECISION and ORDER**

File No.: 2013-1896/C

G I N G O L D, S.

In this proceeding the following papers were read in determining the petition for judicial settlement of an accounting filed on November 28, 2023:

|  | PAPERS NUMBERED |
|---|---|
| Petition-Aff in Support | 1-2 |
| Receipt and Releases from Beneficiaries | 3-9 |
| Accounting | 10 |
| Affirmation of Legal Services-Exhibits A-C | 11-14 |
| Affirmation-Aff Amending Petition/Accounting | 15-16 |
| NYS Estate Tax Closing Letter-Notice of Appearance NYS Tax | 17-18 |
| Waiver and Consent from Beneficiary | 19 |
| Affirmation Substitute Service-Exhibits A-B | 20-22 |
| Affirmation Due Diligence-Exhibit A | 23-24 |
| Affirmations of Service | 25-26 |
| Objections to Accounting-Aff of Service | 27-28 |
| Supplemental Affirmation-Exhibits-Affirmation of Service | 29-31 |

The following papers were read in determining petitioner's motion filed on June 27, 2025:

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion-Affirmation in Support-Exhibits A-J-Aff in Support | 32-43 |
| Affirmation of Service | 44 |
| Supplemental Affirmation of Legal Services-Exhibit A | 45-46 |

[* 1]

In this proceeding, petitioner, Awilda Field (Petitioner) moved to dismiss Roger Field's (Mr. Field) objections to Petitioner's accounting and charge legal fees totaling $60,000.00 against Mr. Field's share of the estate, pursuant to SCPA 2110. As discussed herein, Petitioner's relief requested is granted with modifications.

## Factual and Procedural History

Catherine Field (Decedent) died testate on February 25, 2013. She was survived by three sons: Warren, Preston and Mr. Field. After two years of litigation, Decedent's will was admitted to probate on May 13, 2015. Warren served as executor until his death on December 9, 2020.

Decedent's will did not name a successor executor. Upon Petitioner's appointment as executor of Warren's estate, she filed an unopposed petition for appointment as administrator c.t.a. of Decedent's estate on July 22, 2022. On April 11, 2023, the Court granted Petitioner Letters of Administration c.t.a.

The torturous history of this accounting begins with Petitioner's filing for a judicial settlement of account on November 28, 2023. The accounting time frame covers from Decedent's date of death, February 25, 2013, through August 8, 2023. Citation issued on April 9, 2024, however, obtaining service over Mr. Field, as in all prior matters brought by the estate's fiduciary, proved difficult.

Petitioner had to request substitute service on Mr. Field, the same as in her unopposed petition for administration c.t.a. By June 2024, the court obtained jurisdiction over all parties, and Mr. Field filed his verified objections on July 17, 2024 (Objections).

By court order signed August 6, 2024, Petitioner and Mr. Field were instructed to appear for an in-person, settlement conference on October 1, 2024. During the conference, Petitioner transferred to Mr. Field his portion of Decedent's jewelry, keys to a storage unit containing

2

Decedent's tangible items, and two checks totaling $480,000 representing the distribution of his residuary bequest (Gloria Goldenberg, Esq. affirmation dated June 25, 2025 (June 2025 Affirmation), ¶14-16, 18, and exhibit I; Ms. Goldenberg's affirmation dated January 29, 2026, ¶¶3-12, and exhibits). Contemporaneously, receipt and releases for these items were executed (*id.*).

On December 5, 2024, the Court signed an interim order outlining a discovery schedule (June 2025 Affirmation, exhibit E). Petitioner served a discovery request on January 31, 2025, and Mr. Field failed to respond to same or serve his own discovery requests (June 2025 Affirmation, ¶¶12-14, exhibit F). After Mr. Field failed to prosecute his objections in line with the court's order, Petitioner filed this motion for summary judgment on June 27, 2025. Mr. Field defaulted, despite the court granting him additional time to file opposition papers in an order signed August 18, 2025.

## Motion to Dismiss Objections to Accounting

On a motion to dismiss a pleading for failure to state a cause of action, the court must "accept the facts as alleged in the [pleading] as true, accord . . . the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory," even if the pleading is "inartfully drafted" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994], citing *Morone v Morone*, 50 NY2d 481, 484 [1980], *Rovello v Orofino Realty Co. Inc.*, 40 NY2d 633, 634 [1976], and *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see also Estate of Milios*, 2023 NY Slip Op 31190(U), *2-3 [Sur Ct, New York County 2023].)

Even with the court giving all favorable inferences, dismissal of pleadings are warranted if the allegations consist of bare legal conclusions or the pleading "fails to assert facts in support of

3

[* 3]

. . . the claim, or if the factual allegations and inferences . . . do not allow for an enforceable right" (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 141-142 [2017]).

In a contested accounting, the fiduciary bears the burden of proving all assets are accounted for and providing a complete and accurate accounting, while the objectant bears the "burden of coming forward with any evidence showing the inaccuracy of the account" (*Matter of Rudin*, 34 AD3d 371, 372 [1st Dept 2006], citing *Matter of Curtis*, 16 AD3d 725, 726-727 [3d Dept 2005]; *see also Matter of Holterbosch*, 216 AD3d 783, 784 [2d Dept 2023]; *Matter of Doman*, 110 AD3d 1073, 1074 [2d Dept 2013].)

Here, Petitioner met her burden by filing her account with an affidavit attesting to its accuracy (SCPA 2209). Thus, the burden shifts to Mr. Field to provide evidence Petitioner's account is inaccurate. Mr. Field fails to meet his burden, even when the court affords all favorable inferences to his pleadings.

While Mr. Field's objections are not remotely clear, the court made all due attempts to find cognizable, legal objections. The first page of Mr. Field's objections rehashes the objections he filed in the original probate matter, despite recognizing it as "water under the bridge." These objections are not relevant in this matter, and, more importantly, were dismissed by the court's order signed February 23, 2015 (June 2025 Affirmation, ¶6 and exhibit B).

His next identifiable objection is the "suspiciously even amounts" of the residuary distributions (Objections, pp. 2-3). Mr. Field defaulted on the motion and failed to assert facts in support of his bald assertion the distributions are "suspicious." Thus, this objection does not fit within any cognizable legal theory or present any allegation of impropriety by Petitioner.

The final, identifiable objection is a list of tangible items. These objections seem to be, in part, a request by Mr. Field to turnover his personal belongings, which he left at Decedent's

4

residence, and a request for specific items as his 1/3 share of Decedent's tangible assets, pursuant to the will. Among the items Mr. Field claims were his belongings included, "[p]ink insulation," "[r]eams of paper," and "[c]heese slicers" (Objections, pp. 3-5). Other items, such as "[h]ome movies and projector" and "Dad's rabbit hat" appear to be tangible items he desired from the estate.

During the court conference held October 1, 2024, Petitioner provided Mr. Field with his portion of Decedent's jewelry and keys to a storage locker holding the Decedent's tangible goods. Contemporaneously, Mr. Field signed papers acknowledging his receipt of these items (Ms. Goldenberg's affirmation dated January 29, 2026 (January 2026 Affirmation), ¶¶ 8-9 and exhibits). The prior executor and Petitioner attempted to deliver these items to Mr. Field since 2017, which he previously refused to accept (Petitioner's affidavit sworn to on June 25, 2025, ¶¶3-8; June 2025 Affirmation, ¶¶2, 9-10, 14-16, and exhibits G and H; January 2026 Affirmation, ¶¶3-7).

By court order signed October 1, 2024, Mr. Field was ordered to update his list of objections concerning the tangible property, after he inspected the objects in the storage locker (June 2025 Affirmation, exhibit D). Mr. Field never provided an updated list of tangible items to Petitioner, nor did he provide any evidence any items listed ever belonged to him (June 2025 Affirmation, ¶¶8 and 14; January 2026 Affirmation, ¶¶9-11).

In short, Mr. Field failed to comply with the court's orders to update the tangible goods portion of his objections, participate in discovery proceedings related to his objections, and produce evidence to support his objections (June 2025 Affirmation, ¶¶10-14, exhibits D-F). Further, Mr. Field defaulted on the instant motion, even when granted additional time to file opposition papers, pursuant to a court order signed August 18, 2025. As such, Petitioner's motion to dismiss Mr. Field's objections in their entirety is granted.

5

<u>Surcharge Legal Fees Pursuant to SCPA 2110</u>

In an accounting, a fiduciary bears the burden of establishing the reasonableness of legal services rendered to the estate, and the court has the responsibility to fix and determine the legal fees and disbursements (*Matter of Otto*, NYLJ, Oct. 7, 2022 at 17, col 1 [Sur Ct, NY County 2022] [citations omitted]; SCPA 2110 [1]). The factors the court utilizes to determine a reasonable legal fee are outlined in the Court of Appeals cases *Matter of Potts* (213 AD 59 [4th Dept 1925], *affd* 241 NY 593 [1925]) and *Matter of Freeman* (34 NY2d 1 [1974]). Legal disbursements constituting "law office overhead," such as copying charges, postage, and telephone charges, will not be allowed (*Matter of Herlinger*, NYLJ, Apr. 28, 1994, at 28, col 6 [Sur Ct, New York County 1994]).

In addition to fixing and determining legal fee and disbursements, the court can also direct if payment should be "from the estate generally or from the fund in the hands of the fiduciary belonging to any legatee . . ." (SCPA 2110 [2]). In *Matter of Hyde* (15 NY3d 179, 186-187 [2010] [citation omitted]) seven factors a trial court may consider when assessing an allocation under SCPA 2110 were outlined:

> "(1) whether the objecting beneficiary acted solely in his . . . own interest or in the common interest of the estate; (2) the possible benefits to individual beneficiaries from the outcome of the underlying proceeding; (3) the extent of an individual beneficiary's participation in the proceeding; (4) the good or bad faith of the objecting beneficiary; (5) whether there was justifiable doubt regarding the fiduciary's conduct; (6) the portions of interest in the estate held by the non-objecting beneficiaries relative to the objecting beneficiaries; and (7) the future interests that could be affected by reallocation of fees to individual beneficiaries instead of to the corpus of the estate generally."

As part of the accounting, Ms. Goldenberg filed two affirmations for legal services: one dated November 22, 2023 (Legal Affirmation) covering time records from May 2013 through January 2023, (Legal Affirmation, exhibit C), and one dated March 9, 2026 (March 2026

6

Affirmation) covering time records from July 2023 through January 2026 (March 2026 Affirmation, exhibit A). Petitioner seeks $60,000.00 in legal fees surcharged to Mr. Field's portion of the estate distribution, which approximately matches the amount of estate legal services paid from Decedent's date of death through January 2023 (*see* accounting schedule C, p. 11; Legal Affirmation, exhibit C).

Allocating all legal expenses from Decedent's date of death through the filing of the accounting petition against Mr. Field's portion of the estate does not meet the criteria established by SCPA 2110 and *Matter of Hyde* (15 NY3d 179 [2010]). Filing for probate, selling Decedent's co-operative apartment, filing a petition for administration c.t.a., upon the death of the prior executor, and filing an accounting to include the actions of the deceased fiduciary are necessary and reasonable estate legal expenses, regardless of Mr. Field's actions (Legal Affirmation, ¶20 exhibit C).

However, the estate's legal expenses from the court conference on October 1, 2024, when Mr. Field received his distributions and was provided with a road map for prosecuting his objections to the accounting, through the filing of this motion are a different matter.

On October 1, 2024, in addition to receiving the tangible assets and jewelry, Mr. Field received two checks totaling $480,000. These checks were replacements for checks previously issued from the estate on June 17, 2016, and December 20, 2017, which Mr. Field failed to deposit (accounting schedules G and J).

Once more, Mr. Field's recalcitrance in accepting his distributions from the estate has led to the October 2024 checks becoming stale, and his distribution has been left to sit in the estate account again (June 2025 Affirmation, ¶¶2, 18-19, exhibits I and J). His failure to collect the tangible assets from the storage locker, or pay storage fees, resulted in the storage locker being

7

returned to the landlord (*see SM 1 MMS, L.L.C. v Roger S. Field*, Civ Ct, New York County, August 22, 2025, Greenfield, J. index No. LT-311765-25/NY; January 2026 Affirmation, ¶12).

Mr. Field ignored the court's orders signed October 1, 2024, and December 5, 2024. He failed to review the contents of the storage locker, amend the list of tangible items in his objections, provide proof of ownership for same, and answer Petitioner's discovery request. Mr. Field's objections inure solely to his interest in the estate and provide no benefit to other beneficiaries. Further, Mr. Field's inactions amount to bad faith dealing and required the estate to pay additional legal expenses, reducing the non-objecting residuary beneficiaries' final distributions. Shifting the legal fees to Mr. Field's share of the estate, pursuant to SCPA 2110 [2], is wholly justified to prevent reduction of the other residuary beneficiaries' final distribution.

Ms. Goldenberg's affirmations for legal services indicate she maintained an hourly rate of $250, from the start of her representation in 2013 through July 2025, at which time she increased her billing rate to $400. This is more than reasonable and commensurate with her decades of practice. Based on the March 2026 Affirmation and annexed exhibit A, from October 2024 through July 2025 Ms. Goldenberg expended 17.45 hours at $250 per hour for a total of $4,362.50, and from August 2025 to January 2026 she expended 8.3 hours at $400 per hour for a total of $3,320.00. The estate's legal expenses attributed to Mr. Field's actions/inactions total $7,682.50.

Petitioner's request for direct payment of legal expenses from Mr. Field's distribution, pursuant to SCPA 2110 [2], is granted, but the amount is reduced from $60,000.00 to $7,682.50.

Any relief not expressly addressed herein has nonetheless been considered and is hereby denied. Accordingly, it is:

ORDERED that the accounting objections filed by Robert Field are dismissed in their entirety; and it is further

8

ORDERED that unpaid legal fees in the amount of $7,682.50 are assessed against Robert Field's bequest remaining in the hands of the estate fiduciary, reducing his distribution to $472,317.50; and it is further

ORDERED that Awilda Field, as administrator c.t.a of the decedent's estate, shall issue payment to Solomon & Bernstein in the amount of $7,682.50 for unpaid legal expenses covering October 2024 through January 2026; and it is further

ORDERED that petitioner shall settle decree; and it is further

ORDERED that petitioner shall serve a copy of this decision and order, together with notice of entry, on Roger Field at 1332 Third Avenue, Apt. 4C, New York, NY 10075-1973 by either certified, first-class mail or overnight express delivery service, and on all other necessary parties by certified, first-class mail, within ten days of the date noted below.

Dated: March 23, 2026

_____
SURROGATE

9